HENRY COLTON et al., Executors, etc., Appellants, *v.* MARY A. Fox et al., Respondents.

The will of .P, after various specific legacies and devises, gave the residue of his estate, real and personal, to his executors in trust, to pay the income and profits to two brothers and two sisters of the testator, in equal proportion, during their joint lives, and, after their "several deaths," to divide the said residuary estate equally among their children. The provision closed thus: "In case either of my said brothers or sisters shall die, leaving the others surviving, then the income herein intended for the one or the other so dying shall be paid to the issue or the representative of the one or the other so dying." In an action for a construction of the will, *held*, that the design of the

testator was, that the *corpus* of the estate should remain undivided in the hands of the executors until the decease of all of the brothers and sisters named; that the interests of the children of the respective brothers and sisters named did not vest in them at the death of the testator, but was future, and contingent upon their surviving the parent; and that the provision was in contravention of the statute against perpetuity, and so void.

*Everitt* v. *Everitt* (29 N. Y., 40) distinguished.

(Argued November 15, 1876; decided November 21, 1876.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order reversing a judgment entered upon a decision of the court at Special Term, and giving final judgment. (Reported below, 6 Hun, 49.)

The nature of the action and the facts appear sufficiently in the opinion.

*James Emott* for the appellants. Any construction of doubtful or apparently inconsistent clauses which will be in harmony with the general scheme of a will is resorted to, and availed of, to preserve its dispositions. (Roper on Legacies, 1460, 1461; *Sherratt* v. *Bentley*, 2 M. & R., 149; *Smith* v. *Pybus*, 9 Ves., 567; *Collet* v. *Lawrence*, 1 Ves. Jr., 268; 4 Kent's Com., 534; *Everitt* v. *Everitt*, 29 N. Y., 96.) The word "several" in the residuary clause of the will should be construed "respective." (*Woodcock* v. *Spillett*, 6 Sims., 416.) The children of each of the four brothers and sisters named in the will living when the testator died, each took a vested interest in the share of their parent for life, subject to be divested, *pro tanto*, to let in after-born issue, if any. (2 Jar. on Wills, 74, 76; *Titus* v. *Weeks*, 37 Barb., 136; *Everitt* v. *Everitt*, 29 N. Y., 39; *Jenkins* v. *Freyes*, 4 Paige, 47; *Dingley* v. *Dingley*, 5 Mass., 535; *Atty.-Genl.* v. *Crispin*, 1 Br. C. C., 386; *Devisme* v. *Weller*, id., 537; *Middleton* v. *Messenger*, 5 Ves., 136; *Fox* v. *Fox*, 19 E. R. [Eq. Cas.], 285.)

*Nathaniel C. Moak* for the respondents. The devise in question was in controvention of the statute against per-

petuity and so void. (*Jennings* v. *Jennings*, 7 N. Y., 548; *Hawley* v. *James*, 16 Wend., 61; *Kane* v. *Gott*, 7 Paige, 521; 24 Wend., 564; *Boynton* v. *Hoyt*, 1 Den., 53; *Chittenden* v. *Fairchild*, 41 N. Y., 292; *Converse* v. *Kellogg*, 7 Barb., 596, 597; 1 R. S., 723, § 15; id., 718, § 1; 3 Kent's Com., 378; 4 id., 373; *Coster* v. *Lorillard*, 14 Wend., 334; *Amory* v. *Lord*, 9 N. Y., 410; *Phelps* v. *Phelps*, 28 Barb., 121; 2 Wms. on Exrs., 1057–1059, 1067, 1068; Fearne on Con. Remainders, 554, note; *Collin* v. *Collin*, 1 Barb. Ch., 630; *Morton* v. *Morton*, 8 Barb., 18; *Doubleday* v. *Newton*, 27 id., 431; *Smelt* v. *Chase*, 2 N. Y., 80; 4 Kent's Com., 534 [rep.]; *Lynes* v. *Townsend*, 33 N. Y., 562, 563; *Leonard* v. *Bun*, 18 id., 106; *Phelps* v. *Phelps*, 28 Barb., 121; *Dodge* v. *Pond*, 23 N. Y., 69.) A possibility at the creation of a limitation that the event upon which it depends may exceed in point of time the authorized period is fatal to it. (16 Wend., 61; 7 N. Y., 547; 9 id., 403, 415; 23 id., 69; 1 Den., 53; *Bean* v. *Hockman*, 31 Barb., 78; *Brown* v. *Brown*, 34 id., 594; *Savage* v. *Burnham*, 17 N. Y., 561; 29 id., 39; *Portage* v. *Howe*, 30 Barb., 312; *Mason* v. *Jones*, 2 id., 242; *Post* v. *Hover*, 33 N. Y., 593; *Banks* v. *Phelan*, 4 Barb., 80; *Taylor* v. *Gould*, 10 id., 388; *Thompson* v. *Thompson*, 28 id., 432; *Knox* v. *Jones*, 47 N. Y., 387; *Simpson* v. *Englis*, 4 Sup. C. R., 80; *Jones* v. *Van Schaick*, 20 Wend., 564; *Gott* v. *Cook*, 7 Paige, 521; *Thompson* v. *Carmichaels*, 1 Sand. Ch., 387; *Schittler* v. *Smith*, 41 N. Y., 328; *Wood* v. *Wood*, 5 Paige, 596; *Thorn* v. *Coles*, 3 Ed. Ch., 330; *Westerfield* v. *Westerfield*, 1 Bradf., 137; *Vail* v. *Vail*, 7 Barb., 226; *Portage* v. *Howe*, 30 id., 312; *Mason* v. *Jones*, 2 id., 342; *Meseroll* v. *Meseroll*, 3 Sup. C. R., 192; *Harrison* v. *Harrison*, 36 N. Y., 543.)

CHURCH, Ch. J. This action is brought to obtain a construction of the eighth clause of the will of Reuben Parsons, which is as follows:

"Eighth. I give, and devise, and bequeath all the rest, residue and remainder of my estate, both real and personal.

to my executors hereinafter named, or the survivors or survivor of them, upon the following trusts, namely: To pay the income, rents, issues and profits thereof to my brothers Roswell Parsons and William Parsons, and to my sisters Fidelia Marcy and Nancy Charles, equally, share and share alike during the joint lives of my said brothers and sisters, and after the several deaths of my said brothers and sisters, then to divide the said real and personal estate equally among the children of my said brothers and sisters, respectively; the said children to take the parent's share. And I hereby expressly declare that in case either of my said brothers or sisters shall die, leaving the others surviving, then the income herein intended for the one or the other so dying, shall be paid to the issue or representative of the one or the other so dying."

The validity of this trust is challenged by two sisters of the testator, of the half blood, upon the ground that it suspends the power of alienation and absolute ownership beyond the period of two lives.

The provision is not drawn with legal accuracy upon any view of it, but it must be construed according to the rules established in such cases. The intention of the testator must be ascertained and the will construed accordingly, if practicable, and when the construction is determined, that is, when it is ascertained what disposition the testator intended to make of his property, the question then is, whether such disposition is in accordance with the law of the State. It is not disputed but that the purposes of the trust are lawful. The single inquiry is whether it violates the statutes against perpetuity.

After a careful examination we feel constrained to concur with the judgment of the General Term that the trust is invalid.

By the first paragraph, standing alone, the trust would cease upon the death of either of the beneficiaries, but when read in connection with the two following paragraphs, it seems quite apparent that the scheme and design of the testator was that the *corpus* of the estate should remain undivided in the

hands of the executors, until the four brothers and sisters died, and "then" to divide the property between their respective children, and that in the event of the death of one or more of the brothers and sisters, the income intended for the one or more so dying, should be paid to his or her or their children, until the decease of all the brothers and sisters. The second paragraph expressly declares that the division shall take place after the "several" deaths of the brothers and sisters. The claim that the word "several" should be construed "respective" cannot be maintained with propriety. Such a construction would require the division of the whole property upon the death of one of the *cestuis que trust,* when it is evident and conceded that the testator intended that all of them should enjoy the income, etc., during their respective lives, and, besides, the plain meaning of the provision is that whenever the division is made it must be made between all the children of the four, and not between the children of the one or more who may die leaving survivors. The last paragraph makes the whole design still more apparent. It provides that upon the death of each of the brothers and sisters the income intended for the one so dying shall be paid to his or her children, thus repelling the idea that the principal or *corpus* is then to be paid.

I do not think that these paragraphs can be regarded as repugnant to each other in such a sense as to require or justify the striking out of either. They must be read together, and words and sentences apparently inconsistent must be construed as qualifying or modifying each other. There was not a perfectly accurate use of words, but taken together, the intention of the testator is very manifest.

The position of the learned counsel for the plaintiffs that the interests of the children of the respective brothers and sisters vested in them at the death of the testator, is not, I think, tenable. The case of *Everitt* v. *Everitt* (29 N. Y., 40) is relied upon to establish that position. The interests of the children were held to be vested in that case from the force of provisions not found in this will. These provisions required

the payment to the children of portions of the principal upon certain contingencies, prior to the youngest becoming of age, when they were to receive the whole estate. From this, it was argued and decided that their interests must have been intended to be vested.

Here, in the first place, the title is in express terms vested in the executors, and there is no provision for paying any part of the *corpus* until the death of the four beneficiaries; in fact, as we have seen, the provisions of the will repel any such idea. The testator placed the title of this portion of his property in his executors, and directed that it should remain there until the death of four persons, with a limitation over to such of their children as should be living. It is a future interest or estate contingent upon surviving the four persons named.

DENIO, J., in *Everitt* v. *Everitt* (*supra*), says; " The leading inquiry upon which the question of vesting turns, is whether the gift is immediate, and the time of payment or enjoyment only postponed, or is future and contingent, depending upon the beneficiary arriving of age, or surviving some other person, or the like."

Determined by this rule, the interests of the children in this case did not vest, but they were future and contingent, depending upon surviving all the specified brothers and sisters. It is unnecessary to consider whether, if the interests of the children were vested as claimed, the suspension by reason of the trust would not be unlawful.

The judgment must be affirmed.

All concur; MILLER, J., absent.

Judgment affirmed.