Katie I. Schermerhorn et al., Administrators, etc., Respondents, *v.* Charles U. Cotting as Trustee, etc., Impleaded, etc., Appellant.

A testator may, in the creation of a trust, suspend the absolute power of alienation of the trust estate for a period of two selected lives then in being, and with this limitation, during that period, he may provide for the distribution of the annual income among as many different persons and for as many successive lives as he sees fit

So also a testator may limit a trust estate for an arbitrary period of time, provided a termination at an earlier period is called for by the expiration of two lives in being at the creation of the trust.

Where the testator provides for two contingencies, it is not essential to the validity of the trust that the two lives which govern the duration of the trust in one contingency should be the same as those which govern it in the other.

The statute in any case is satisfied if the trust by no possibility and in no contingency can endure longer than during the existence of two lives in being when it was created.

Income and principal given in equal shares out of one fund kept *in solido* for mere convenience of investment, may be severed and independent trusts created for the several beneficiaries, and thus the shares and interests will be several even though the fund remain undivided.

The will of C. gave his residuary estate to trustees in trust, to pay one-third of the income thereof to his wife; to pay to the guardian of his infant son J. during minority for his support, etc., a yearly sum not exceeding an amount specified; to J. after his arrival of age, a specified sum yearly until his arrival at the age of twenty-five; after such payments, the remainder of one-third of the net yearly income to be held and invested by the trustees and the accumulations to be paid to J. on his reaching the age of twenty-five, and thereafter during the life-time of the testator's wife to pay to J. one-third of the whole net income; to pay the other third to the testator's daughter K. during the life of the wife. Upon the death of the wife, in case the two children survived her, the trustees were directed to pay to K., during her life, one-half the net income, the other half to be paid to J. in case he had then reached the age of twenty-five, if he had not, then such moiety to be subject to the previous directions as to the disposition of his one-third until he reached that age. When J. arrived at the age of thirty, in case the testator's wife died before that time, and if not, upon her decease thereafter, the trustees were directed to pay over to him one-half of the trust estate with the accumulations thereof as provided for. In case J. did not survive the wife, or surviving her did not reach the age of thirty, upon his death and that of the wife it was provided that his share should

pass as appointed by his last will, or in default thereof to his lawful issue him surviving. Upon the death of K., in case she survived the wife, if not, upon the decease of the latter, one-half of the trust estate to pass as appointed by K.'s will or in default thereof to her lawful issue her surviving. In case of the death of J. or K. during the life-time of the wife, then the trustees were directed to pay one-half of the net income to the wife and the other to the survivor of the children, to be paid in the same manner as prescribed in regard to the one-third. Upon the death of the wife, in case K. died before that time without lawful issue her surviving, the whole estate to be paid over to J., if then of the age of thirty. If J. died without lawful issue before the death of the wife, upon her death the whole net income was directed to be paid to K. during life and upon her death the whole estate to pass as provided for in reference to her one-half. In the event of the death of both the children before the wife, intestate and without lawful issue, then upon her death the will directed the whole estate should pass to the testator's brother. In an action to obtain a construction of the will, *held,* that it created a trust estate for the life of the testator's wife, the income to be divided into three parts, one to be paid as provided to each of the three beneficiaries ; upon the death of the wife the estate to be divided into two independent trusts, one for the benefit of each of the children, each limited by two lives, that of the wife and of the beneficiary; that in regard to J. there were two contingencies provided for, one that of his surviving his mother, the other that of his dying before her; in the former case the trust in his favor is bounded by her life and his own or his arrival at the age of thirty; in the latter case the trust is measured by the life of the mother and of K., so that in any case there was no suspension of the power of alienation for more than two lives in being; that while the will did not in terms provide for the event of the death of J., intestate and without issue, after his mother and before his arrival at the age of thirty, the intent was that his interest in the one-half of the trust estate should pass to and vest in his heirs and next of kin freed from the trust; and that, therefore, aside from the provision as to the accumulation of the surplus income in favor of J. the will was valid; that this provision was void, and J., as presumptively entitled to the next eventual estate, was entitled to this surplus.

*Colton* v. *Fox* (67 N. Y. 348) ; *Ward* v. *Ward* (105 id. 68), distinguished.

(Argued December 8, 1891; decided January 26, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 29, 1890, which reversed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was brought for the construction of the last will and testament of Amos Cotting, deceased, who died May 12, 1889, leaving him surviving a widow, a son and a daughter.

After disposing of part of his property the testator gave the residue to Charles Uriah Cotting, his successors and assigns, in trust for the following uses and purposes:

" *First.* To pay over to my wife Elizabeth Cotting in equal quarterly installments, payable on the first day of January, April, July and October, in each and every year, reckoning from the first of said quarter days occurring after my decease, and with power to anticipate any one of said quarterly payments at her request, the full and equal one-third part and portion of the whole net income, rents and profits derived from said trust estate.

" *Second.* To pay to the guardian of my son Jameson Cotting, during his minority, for the support, maintenance, education and use of my said son, such yearly sum of money as said guardian may deem necessary, not exceeding the sum of one thousand dollars per annum, until he attains the age of fifteen years, and the sum of fifteen hundred dollars per annum thereafter until he attains the age of twenty-one years, and to be paid in equal quarterly installments in the manner and on the days and months designated in item first of this clause.

" *Third.* To pay to my said son Jameson Cotting, when and after he attains the age of twenty-one years, and until he attains the age of twenty-five years, the yearly sum of twenty-five hundred dollars, to be paid in quarterly installments of equal amounts and on the days and months designated in item first of this clause ; and when and after he attains the age of twenty-five years and during the life-time of my said wife, to pay to him the full and equal one-third part or portion of the whole net income, rents and profits of said trust estate, in the same manner and on the same said days and months.  And I order and direct that after the payment to the guardian of my said son of the sums directed to be so paid by item second of this clause, and after the payment of the said yearly

sum of twenty-five hundred dollars as hereinabove directed, as the case may be, the remainder of one equal one-third portion of the whole net income, rents and profits of said trust estate shall be set aside and be held by said trustee and reinvested as he may in his discretion deem best, to and for the use and benefit of my said son, and the same with all accumulations thereof and accretions thereto be paid over to him when he attains the age of twenty-five years. And I hereby authorize and empower the said trustee when or after my son attains the age of twenty-five years, at his discretion, with the consent in writing of my said wife during her life, or at his sole discretion after her death, and before the determination of said trust as to my said son, to apply any portion of the funds of said trust estate, not exceeding the sum of fifty thousand dollars, in or towards the advancement or preferment in the world of my said son; but in such case the amount or sum as applied shall be charged to my said son as an advancement upon and of his distributive portion of and interest in said estate, and he shall thereafter be paid of the said income, rents and profits, only such sums or amounts yearly as may be derived from one-third of said trust estate, less the principal amount of said advancement, any direction hereinbefore made and contained to the contrary notwithstanding.

"*Fourth.* To pay to my daughter Katie T. Cotting, during the life-time of my said wife, the full and equal one-third part or portion of the whole net income, rents and profits of said trust estate, to be paid in equal quarterly installments in the manner and on the days and months designated in item first of this clause, but subject to the directions as to payments to my said daughter hereinafter given and contained in item fifth of this clause next hereto following.

"*Fifth.* Upon the death of my said wife, my said two children her surviving, to pay to my said daughter Katie T. Cotting, during her life-time, the full and equal moiety or one-half part and portion of the whole net income, rents and profits of said trust estate, to be paid in equal quarterly installments in the manner and on the days and months designated in item first

of this clause, and if my said son Jameson Cotting shall at such time have attained the age of twenty-five years to pay to him the remaining moiety or one-half part or portion of said net income, rents and profits; but if at such time my said son shall not have attained the age of twenty-five years, then and in such case the said moiety of said income, rents and profits shall be subject to the directions given and declared in item third of this clause. And I do hereby expressly direct and require that the payments hereby and by the foregoing item fourth of this clause directed to be made to my said daughter Katie T. Cotting shall be paid into her proper hands and on her sole and personal receipt, and in case of the marriage of my said daughter that no part of the said several sums or payments of said income, rents and profits, or of the disposable share and interest of my said daughter in said estate, either present or prospective, shall be paid to, pass to, or vest in the husband of my said daughter, either personally or as a trustee, guardian or otherwise, by gift, bequest, devise, grant at and upon a consideration merely nominal or inadequate to the real value thereof, or otherwise, or be or become in any manner, form or way subject to his direction, control, management, interference or disposition, or liable under or by reason of any mortgage, pledge, promise or agreement for his use and benefit, whether made by him solely, or by my said daughter, or by him and her conjointly, or in any other way or manner be or become subjected to or liable for any right, interest, promise, debt, contract, obligation or liability in or of such husband.

"*Sixth.* To pay over, assign, transfer, convey and deliver, absolutely and in fee simple, to my said son, Jameson Cotting, when he shall attain the age of thirty years, and in case my said wife shall at such time have departed this life, and if not, then at and upon her decease thereafter, the full and equal moiety or one-half part and share of said trust estate and the accumulations, increase and accretions thereof and thereto, after charging upon and deducting therefrom any and all sum or sums which may have been advanced and charged to him under the authority and power given and declared in item

third of this clause. And in the event that my said son shall not survive my said wife or her surviving shall not attain the age of thirty years, then and in such case and at and upon the death of both my said son and my said wife, his said share and interest in said estate, as hereinbefore designated and determined, shall pass to, vest in and be paid over, assigned, transferred, conveyed and delivered to such person, persons or objects, in such manner, and with such rights, interests, limitations, conditions and estates as he may require, direct, create, declare and appoint by his valid last will and testament, or in default thereof to his lawful children and issue and him surviving, their heirs and assigns forever, share and share alike.

"*Seventh.* Upon the death of my said daughter, Katie T. Cotting, she surviving my said wife, and if not, then at and upon the decease of my said wife, the full and equal moiety or one-half part of the whole of said trust estate, and of the accumulations, increase and accretions thereof and thereto shall pass to, vest in, and be paid over, assigned, transferred and delivered to such person, persons, other than the husband of my said daughter, or objects, in such manner and with such rights, interests, limitations, conditions and estates as she may require, direct, create, declare and appoint by her valid last will and testament, or in default thereof to her lawful children issue of her body and her surviving, their heirs and assigns forever, share and share alike.

"*Eighth.* In the event of the death of either my said son or my said daughter during the life-time of my said wife, then and in such case to pay the one equal moiety or one-half part of the whole net income, rents and profits of said trust estate to my said wife during her life-time, and the other moiety or equal one-half part thereof to the survivor of my said children, each to be paid in the manner and on the days and months designated in item first of this clause, and in the case of my said daughter being such survivor, said payments to be in all respect subject to the directions given and declared in item fifth of this clause. And at and upon the death of my said wife, my said daughter being at such time deceased, intes-

tate and without lawful issue her surviving, to pay over, assign, transfer, convey and deliver to my said son, Jameson Cotting, when he attains, or if he shall have then attained the age of thirty years, his heirs and assigns forever, the whole of said trust estate, and of the accumulations, increase and accretions thereof and thereto. But if my said son shall be deceased, intestate and without lawful issue him surviving, at the time of the decease of my said wife, then and in such case, at, upon and after the death of my said wife, to pay to my said daughter Katie T. Cotting, during her life-time, the whole net income, rents and profits of the whole of said estate in the manner and on the days and months designated in item first of this clause, but in all respects subject to the directions given and declared in item fifth of this clause ; and at and upon the death of my said daughter, the whole of said estate shall pass, vest, and be paid over, assigned, transferred, conveyed and delivered as provided for, declared and directed in item seventh of this clause.

"*Ninth.* In the event of the death of both of my said children intestate and without lawful issue them surviving, prior to the death of my said wife, then and in such case, to pay to my said wife Elizabeth Cotting, during her life-time, the whole net income, rents and profits of said trust estate, and at and upon her death the whole of said estate and the accumulations, increase and accretions thereof and thereto, shall pass to, vest in, and be paid over, assigned, transferred, conveyed and delivered to the lawful children of my brother Charles Uriah Cotting, their heirs and assigns forever, share and share alike."

*John L. Cadwalader* for appellant. It is undisputed that the devise and bequest of the residuary estate to the trustees upon the trusts expressed in the will created an express trust, which, if lawfully created, vested the trustees with the legal title to the estate, commensurate with the duration of his duties. (1 R. S. 727, § 47.) The General Term erred in failing to give the will such construction within the rules of law, and decisions of this court as to uphold and not destroy the scheme

of the testator. (2 R. S. §§ 81, 82.) The trust for the benefit of the widow is unquestionably valid. (*Savage* v. *Burnham*, 17 N. Y. 561; *Van Schuyver* v. *Mulford*, 59 id. 426; *Ward* v. *Ward*, 105 id. 69.) The trusts in favor of the son and daughter respectively are separate and distinct, and any invalidity in one cannot affect the legality of the other. (*Van Schuyver* v. *Mulford*, 59 N. Y. 432; *Kennedy* v. *Hoy*, 105 id. 136; *Vanderpoel* v. *Loew*, 112 id. 177; *Monarque* v. *Monarque*, 80 id. 324; *Everitt* v. *Everitt*, 29 id. 40; *Stevenson* v. *Leslie*, 70 id. 512; *Purdy* v. *Hoyt*, 92 id. 446; *Van Brunt* v. *Van Brunt*, 111 id. 178; *Wells* v. *Wells*, 88 id. 333; *Colton* v. *Fox*, 67 id. 348.) The contingent limitation over in favor of testator's daughter, in the event of his son dying intestate and without issue during the life-time of the wife, is not fatal to the validity of the trust for the benefit of the son. (*Savage* v. *Burnham*, 17 N. Y. 572; *Schettler* v. *Smith*, 41 id. 335; *Manice* v. *Manice*, 43 id. 303; *Van Schuyver* v. *Mulford*, 59 id. 432; *Tiers* v. *Tiers*, 98 id. 568; *Henderson* v. *Henderson*, 113 id. 1.)

*Charles Jones* and *John E. Roosevelt* for respondents.

*Frederick J. Middlebrook* for respondents. The trusts created for the benefit of the wife and children are void because they create an unlawful suspension of the power of alienation and ownership beyond the period allowed by law. (*Savage* v. *Burnham*, 17 N. Y. 561; *Ward* v. *Ward*, 105 id. 68; *Woodward* v. *James*, 115 id. 346; *Van Nostrand* v. *Moore*, 52 id. 12–18; *Knox* v. *Jones*, 47 id. 396; *Vernon* v. *Vernon*, 53 id. 359; *Delaney* v. *McCormack*, 88 id. 174.) By no possible division or separation into separate trust estates can an unlawful suspension of the power of alienation and ownership be avoided. (*Colton* v. *Fox*, 67 N. Y. 348; *Smith* v. *Edwards*, 88 id. 104; *Genet* v. *Hunt*, 113 id. 158; *Barker* v. *Sutherland*, 6 Dem. 220; *Greenland* v. *Waddell*, 116 N. Y. 244.) The will, in effect, does, and on any theory that can be advanced may, suspend the power of alienation and ownership for more than two lives. (*Knox* v. *Jones*, 47 N. Y. 389;

*Jennings* v. *Jennings*, 7 id. 547; *Genet* v. *Hunt*, 113 id. 158, 166–168; *Barker* v. *Southerland*, 6 Dem. 220, 224–226; *Benedict* v. *Webb*, 98 N. Y. 460; *Amory* v. *Ford*, 9 id. 403; *Hawley* v. *James*, 16 Wend. 61.)

PECKHAM, J. It has been held in the court below that this will, in one contingency (the death of the son before the wife, and the latter's death before the daughter), illegally attempted to suspend the absolute power of alienation of the real estate and the absolute ownership of the personal property for a period beyond the existence of two. lives in being at the creation of the trust estate. It was stated that, in such contingency, the trust estate might be limited upon the lives of the son, the wife and the daughter of the testator, and thus three lives instead of two would be the limitation of the trust. If this be the true construction to be given to this will, it might be that the whole trust was illegal, and not simply the remainder over the limit allowed by law. It seems to me, however, that it is not only possible, but proper, to take another view, and to construe the provisions of the will somewhat differently, and, at the same time, keep clearly within and nearer to the intention of the testator as expressed in the will. The construction that I suggest would also keep the disposition of the property of the testator within the rules of law. Briefly, I think the following is the true construction of this will : After disposing of a part of his property, the testator created a trust estate in the residue for the life of his wife, and provided that, during that time, the income arising from such estate should . be divided into three parts, and one part should be paid to his wife, one to his son and one to his daughter. The payment of the one-third to the son was on certain conditions, depending upon his age, not material upon this question.

Upon the death of the wife the whole estate was to be divided into two independent trusts, one in favor of the son and one in favor of the daughter.

I think this construction not only admissible, but clearly demanded upon the authority of the cases in this court herein

referred to. (*Everitt* v. *Everitt*, 29 N. Y. 40 ; *Stevenson* v.
*Lesley*, 70 id. 512–516 ; *Monarque* v. *Monarque*, 80 id. 324 ;
*Vanderpoel* v. *Loew*, 112 id. 167.) The whole estate is
bound *in solido* during the life of the wife, and upon her
death the independent trusts provided for by the will come
into play, and it follows that the life of the wife must be counted
as one of the lives upon which the independent trusts must be
limited. In fact, the will does this. And the other life upon
which each independent trust could be limited must, of course,
in each case have also been in existence at the time of the
death of the testator. The will does so provide.

There are two contingencies which could happen in regard
to the son. He might survive his mother, the wife of the
testator, or he might die before her. The will makes provision
for each. We will first assume that the son survives the wife.
The trust in favor of the son is upon this construction, and in
such contingency, bounded by the life of the wife for one life,
and by the son's life for another, or by his arrival at the age of
thirty years. In such event there is no undue suspension of
the power of alienation.

The other contingency that could occur which would affect
this question, was the death of the son before the death of the
wife. Bearing in mind that the trust estate is to last in any
event during the life of the wife, and that the income only is
to be divided between the persons entitled to it during such
time, if the son die before the wife the only change that occurs
is that his share of the income is divided between the wife and
the daughter, but in this contingency the trust estate is not
limited or bounded by his life, nor does his death in the slightest
degree affect it.

That estate continues in exactly the same condition it had
been in, and must so continue during the life of the wife.
The only difference made by the death of the son is that his
share of the income is divided during the wife's life between
her and the daughter. It seems clear that in this contingency
the duration of the trust estate is not, and never has been,

measured by the life of the son, but by the lives of the wife and daughter.

A testator may suspend the absolute power of alienation for a period of two selected lives in being at the creation of the estate, and during that time he may make such disposition of the annual income among as many persons as he sees fit. Thus having created a trust term which must end within the period required by the statute, he may provide that the income shall be paid during that time to A. for life, remainder to B. for life, remainder to C. for life, and so on for as many different lives as he chooses, provided the whole trust term must end with the death of the survivor of the two lives.

A limitation of a trust estate for an arbitrary period of time, such as fifty years, is valid, provided a termination at an earlier period is called for by the expiration of two lives in being at the creation of the trust. If provision be made for such termination, the income of the estate may in the meantime be divided among any number of successive lives. (*Phelps Executor* v. *Pond*, 23 N. Y. 69.) The statute is satisfied by the absolute necessity for the termination of the trust at the expiration of the two lives, and what may be done with the income in the meantime is, so far as this question is concerned, wholly immaterial. In this case the income from the trust estate may be paid according to the terms of the will during the lives of the son, the daughter and the wife, and to the wife, as the survivor of both, provided they die before her intestate and without lawful issue, in which case she would be entitled to the whole income during her life. In this event it would happen that the trust would last during three lives, and yet it would be valid because it would be limited upon the one selected life, viz., that of the wife.

It is true the will does not in terms provide for the event of the death of the son subsequent to the wife, and before he arrives at the age of thirty, intestate and without issue. I think, however, the whole scheme of the instrument shows what was the intention in such event, and that enough of such intention is stated to permit of its being carried out. The testator pro-

vided specifically for the payment of the income of one-half of the estate to the son or to his guardian for his benefit, subsequent to the death of the wife and prior to the arrival of the son at the age of thirty years, and he provided that, if the son died after the wife and before he arrived at that age, the share of the property intended for him should go to such persons as the son should, by will, appoint, or, in default of appointment, to his children. This gift of the immediate income to the son or to his guardian for his benefit, indicates an intention to vest in the son the *corpus* from which such income is derived. (*Robert* v. *Corning*, 89 N. Y. 225, 241.) This intention is actually carried out in terms in the will in case the son arrives at the age of thirty years, or, if he die before that time, in case he makes a disposition by will, and in default of making such disposition then by the will, the share is to go to his issue. The one event, that of dying before thirty, intestate and without issue, not being specifically provided for, reference may be had to the language of the will generally and to the whole scope and tenor of that instrument, and from such reference it is plain that the *corpus* was so far vested in the son after the wife's death, that upon his death before thirty, intestate and without issue, his interest in the one-half share of his father's estate passed to and vested in his heirs and next of kin, freed from any trust whatever. The same result follows in the case of the daughter dying subsequent to the wife, intestate and without issue and before the son arrives at the age of thirty years. The share of the original estate which would come to the daughter vested in her after the death of the wife (her mother). From that time the will specifically provided for the gift of the income from one-half of the original estate to the daughter, with a right in her to dispose of it by will, and in default of such disposition it was to go to her children. From all this it is clear that the *corpus* was so far vested in the daughter that in case of her dying without making any appointment by will, and without any children, her share in the estate would pass to and vest in her heirs and next of kin, freed from any trust.

This construction prevents the trust in either part from

enduring beyond the lives of the wife and daughter in the one case, and of the wife and son in the other, and upon the death of the son or daughter at any time subsequent to the death of the wife, even if without issue and intestate, the property is freed from the trust and goes in the latter event to the heirs and next of kin.

I think the construction above outlined may fairly be held to answer the objections set up by the counsel for the respondents to the validity of this trust for the son. If the son die before the wife, we have seen that the trust estate is limited by the lives of the wife and daughter, and is, therefore, valid. If the wife die and leave the son and daughter both surviving, the will has provided for two independent trusts, and each lasts only during the life of the son or daughter, respectively, or until the son arrives at the age of thirty years.

The provisions of the third subdivision of the fourth clause in the will do not render it necessary to keep the whole trust estate undivided after the death of the wife and until the son arrives at the age of twenty-five years. The payments which are therein directed to be made to the guardian of the son and to the son are not to be deducted from the amount of the whole income of the undivided trust estate. This result would be at war with the fundamental scheme of the will, which manifestly is predicated upon an equal division of the income from the testator's property between his wife, son and daughter during his wife's life, and upon her death between his son and daughter. The payments mentioned in this subdivision are, on the contrary, to be deducted from the son's share of the property, and the balance of that share after the payments are made is to be accumulated. Hence it is unnecessary to keep the original trust estate together after the wife's death for the purpose of deducting these sums from the total income of such estate, and of then dividing the balance between the son and daughter. Even if after the death of the wife the separation of the estate were into undivided halves of income and subsequently of principal, to be paid to the son and daughter and their issue respectively, that fact would not necessarily prove

there was no division into separate trusts. Income and principal given in equal shares out of one fund kept *in solido* for mere convenience of investment may be severed and independent trusts created for the several beneficiaries, and thus the shares and interests will be several, even though the fund remain undivided. This is the result of the case of *Vanderpoel* v. *Loew* (*supra*). Nothing in *Colton* v. *Fox* (67 N. Y. 348), or in *Ward* v. *Ward* (105 id. 70), is opposed to this view. The facts are entirely different. It is, however, not questioned by any that the trust for the accumulation of the surplus income in favor of the son after his arrival at the age of twenty-one years is void. Such surplus goes to the son as presumptively entitled to the next eventual estate. This answers the proposition as to the payment of income.

The further objection is made that there may be a trust for the life of the wife and for the life of the son until he reaches the age of twenty-five, and on the death of the wife the trust would continue during the lives of the daughter and the son until the latter arrived at the age of thirty years or the daughter died, and this would, as claimed, make a trust for three lives and hence illegal. The answer to this proposition, however, has already been given. Treating the estate as a trust for the life of the wife, and then severing the trust estate into two separate and independent trusts for the son and daughter respectively, during their lives or until the son reaches the age of thirty years, there is no attempt at an invalid suspension of the power of alienation.

If the daughter should die before the wife intestate and without issue, and the wife should then die leaving the son surviving under the age of thirty years, the same answer which has been made in regard to the death of the son before the wife applies in this case. The trust was for the life of the wife, and the death of the daughter in the contingency mentioned before the wife did not affect the trust estate, which in this event would be limited by the lives of the wife and son, or by the life of the wife and upon the son attaining the age of thirty years.

I see no legal or other difficulty in carrying out the intention of the testator on the theory that these trusts are separable after the death of the wife.

I think the whole plan of the will is better carried out on the theory of separable trusts than upon any other. The language of the testator in regard to the payment from the trust estate after the death of the wife may reasonably be regarded as a direction to divide the estate and pay the income of one moiety to the daughter, and that of the other moiety to the son. Other provisions of the will lend color to the correctness of this interpretation; among them is the provision for taking fifty thousand dollars from the son's share as an advancement to him, and giving him the rents and profits arising thereafter from his share of the estate, after deducting the said sum of fifty thousand dollars from the principal of his share. And the principal is to be charged to him when he is paid at the age of thirty the full amount of his share in the estate. Some of the provisions in regard to the daughter lead to the same conclusion. It is not material to specifically mention them.

There is one feature resulting from this construction of the will which I have not yet mentioned, but which must be adverted to and decided before we can reach the conclusion that the trusts which are objected to are valid. It has appeared that in the contingency of the death of the son before the wife, the trust term was limited by the lives of the wife and daughter, while upon the other contingency, viz., the death of the wife before the son, the trust in the one-half of the estate was limited by the lives of the wife and son, or upon the life of the wife and the attainment by the son of the age of thirty years. The two lives which govern the duration of the trust in one contingency are not the same two lives which govern its duration in the other. Does this circumstance render the trust void?

I do not see why it should. In no event is there a suspension for more than two lives in being at the creation of the trust, and upon any contingency the trust must terminate upon the death of the survivor of two lives in being when it was created.

Contingencies are provided for by the testator, and he says, in effect, that upon the happening of one contingency the trust shall terminate upon the death of my wife and daughter, and upon the happening of the other upon the death of my wife and son. The wife is the one person whose life is counted in both contingencies, and in the one the daughter is added and in the other the son; but one or the other of the two contingencies must happen, and in no event is the trust to endure longer than two selected lives in being at its creation. Such a provision does not run counter to the views upon which our statute against perpetuities is based. The common law regarded the burden of proof as being upon the party who claimed it to sustain a future gift, and by one decision after another, the courts holding some good and some bad, finally settled down to the rule that all future gifts to be valid must be limited to a life or any number of lives in being and for twenty-one years thereafter. (1 Jar. on Wills [5th Am. ed.], 252.) Our Revised Statutes limited the term to two lives only, and both must be in being when the estate is created. In this case the two lives are thus in being.

Where a trust is created which by no possibility and in no contingency can endure longer than during the existence of two lives in being, of what consequence can it be that if one contingency happen, the estate is to be measured by two named lives, and if the other contingency happen, the estate is still to be measured by two named lives, but one of them is different from the one named in the other contingency? So long as both contingencies cannot happen the number of lives upon whose duration the trust term is to be limited cannot be more than two actually named and in existence when the trust was created. I cannot discover any reason which forbids such a contingency and such a limitation imposed thereon. I have not been able to discover any authorities upon this precise point, and we must, therefore, rest our decision upon the general principle that so long as the trust can last but two lives, which two shall be the selected ones may be left to the happening of a contingency such as exists in this case.

The construction which we have above given would leave the main trusts of the will valid. All concede the invalidity of the trust for the accumulation of the income. The Special Term, while holding the main trust valid, adjudged that relating to the accumulation to be void. We think the Special Term was right.

The judgment of the General Term should, therefore, be reversed and that of the Special Term affirmed, with costs of all parties to be paid from the estate.

All concur.

Judgment accordingly.