## In the Matter of the Estate of Thomas A. Duffey, Deceased.

Surrogate's Court, Kings County, June 29, 1932.

*Mackey & Marchisio* and *Herrlich & Breen* [*William J. Herrlich* and *Richard J. Mackey* of counsel], for Florence A. Duffey, widow.

*Frank A. Hutson,* for executor, City Bank-Farmers Trust Company.

*J. Franklin Tausch,* special guardian.

*Joseph A. Kennedy,* for Florence J. Duffey and Lillian R. Duffey.

Wingate, S.   The validity of the provisions of paragraphs III, IV, V and VI of the will here under consideration has been attacked upon this proceeding by the executor to render and settle its account as violative of section 11 of the Personal Property Law and section 42 of the Real Property Law.   By the terms of paragraph " III " the testator granted to his trustee all of his property, real and personal, in trust " * * * to invest the same

and keep the same invested, and to receive the rents, issues, income and profits therefrom and to hold and pay the same as hereinafter directed." Paragraphs " IV," " V " and " VI " are as follows:

## " IV.

" I direct my trustee to pay the income of said trust estate and the moneys and investments for the time being representing the same in monthly instalments as follows: One-third thereof to the use of my wife, Florence A. Duffey, while she shall remain unmarried; one-third thereof to the use of my son, Thomas A. Duffey, Jr.; one-sixth thereof to the use of my sister, Lillian R. Duffey, and one-sixth thereof to the use of my sister, Florence J. Duffey. Said one-third of said income to be paid to my wife, Florence A. Duffey, during the term of her natural life while she shall remain unmarried, subject to the distribution hereinafter provided.

" In the event of the death of any one of said persons, or the remarriage of my wife, before any distribution of the principal of said estate, then and in that event the share of income herein bequeathed to said deceased persons, or to my wife if she shall have remarried, shall be divided equally among the survivors

## " V.

" When my son, Thomas A. Duffey, Jr., shall have reached the age of thirty-five years, I direct my executor and trustee hereinafter named to divide my entire estate into three equal shares, paying the principal of one of said shares to my said son, Thomas A. Duffey, Jr., and to pay the income on the remaining two-thirds share as follows: One-third to my wife, Florence A. Duffey; one-third to my son, Thomas A. Duffey, Jr.; and one-sixth each to my sisters, Lillian R. Duffey and Florence J. Duffey.

" When my said son shall have reached the age of fifty years, I direct my executor and trustee to pay to my said son the principal of another of said shares representing one-third of my entire residuary estate, and to pay the income on the remaining one-third as follows: One-third to my wife, Florence A. Duffey; one-third to my son, Thomas A. Duffey, Jr., and one-sixth each to my sisters, Lillian R. Duffey and Florence J. Duffey.

" When my said son shall have reached the age of sixty-five years, and if all the other beneficiaries of income under this will shall have died, I direct my said executor and trustee to pay over the remaining share of my said estate to my said son, Thomas A. Duffey, Jr.

" In the event of the death of any of said beneficiaries, or the remarriage of my wife, the share of income to be distributed to

said deceased beneficiary, or to my wife if she shall have remarried, shall be paid to the surviving beneficiaries.

" VI.

" After the death of my said wife, or if she shall have remarried, and if my said son shall predecease my two sisters, without issue, I give, devise and bequeath my residuary estate to my two sisters, Lillian R. Duffey and Florence J. Duffey, or the survivor of them, absolutely. And upon the death of my son and my two sisters, I give, devise and bequeath my residuary estate to the issue of my said son in equal shares, *per stirpes* and not *per capita;* and in the event of my said son reaching the age of thirty-five years, and my two sisters having died, I direct and empower said Thomas A. Duffey, Jr., to dispose of said undistributed share of my said estate by last will and testament, except that should he die leaving issue, then the undistributed share of my said estate shall go to his issue as herein provided."

The testator was survived by his wife, Florence A. Duffey; his son, Thomas A. Duffey, Jr. (an infant fifteen years of age), and his two sisters, Lillian R. Duffey and Florence J. Duffey.

The will contains no express provision for a division of the trust corpus into separate and independent trusts, one for the benefit of each named beneficiary, and it, therefore, becomes the first problem of the court to determine from an examination of the present instrument, and an investigation of pertinent precedents, whether, under the provisions of the paragraphs now under construction, the principal, as well as the income of the trust fund, shall be divided into separate and independent trusts, though the fund be retained *in solido* for mere convenience of investment, or whether a single trust shall be created of the entire corpus.

A review of the language employed by the testator is enlightening. The entire residuary estate is granted in trust with a direction to pay, as indicated, the *income* of *said trust estate.* If any of the beneficiaries shall die prior to the termination of the trust, the *share* of *income* bequeathed to such beneficiary is to be divided equally among the survivors. As one of the beneficiaries of the trust (Thomas A. Duffey, Jr.) attains various stipulated ages, portions of the trust corpus are to be liberated from the trust. All of these illustrations are convincing indications of an intent on the part of the testator to create but a single trust.

In *Central Trust Co.* v. *Egleston* (185 N. Y. 23) and in *Leach* v. *Godwin* (198 id. 35) the Court of Appeals, in holding that the provisions of the instrument before it presented but a single trust,

laid much emphasis upon phraseology similar to that referred to above. In the latter case the court held that where as in the proceeding presently under review, the will directs that the corpus of a trust for the benefit of several persons be retained in one fund, in order for the court to hold that there are, nevertheless, separate and independent trusts, the will must provide that a portion of the principal fund be separated from the trust corpus upon the termination of the respective lives in being at the death of the testator.

The Appellate Division in this department has rendered two illuminating decisions upon this point. In *Matter of Magnus* (179 App. Div. 359) the testator directed his executor to invest all of his property and to pay the income therefrom monthly in stated proportions to his son, his son's daughter and his son's stepdaughter. In the event of the death of his son, his share of the income was directed to be paid to his two daughters, one-half to each. In the event of the death of either or both of the daughters, without issue, their share of the income was to be paid to the son, and if all of the beneficiaries should die without issue, distribution of the trust fund was to be made to the next of kin of the testator. At page 360 of the opinion the court stated the principle ·in the following language: " We are referred to the rule that such trusts for more than one person may be treated as divided into as many parts as there are beneficiaries, so as to prevent a violation of the rule as to perpetuities.

" A theoretical division may be made of the trust estate, where none was expressed, so as to sever the fund, forming a distinct trust for each of the beneficiaries. But in the effort to avoid the effect of the statute, the court cannot rightfully ignore a contrary purpose clearly expressed. To validate such provisions, there must not only be a severance of the trust fund, but if more than two lives are involved, the segregation of shares must be absolute, on the death of any beneficiary, so that such share, both principal and income, is thereby extricated from the trust. As to such separate share, the trust then terminates. (*Wells* v. *Wells*, 88 N. Y. 323. See Thomas Estates Created by Will, 379, § 24.)"

And at page 361: "'It is only where income and principal are given in equal shares out of a fund kept *in solido* for convenience of investment, that the court can set apart separate and independent trusts for the several beneficiaries, so as to have in an undivided fund separate and distinct shares. [*Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Locke* v. *Farmers' Loan & Trust Co.*, 140 id. 135; *Matter of Mount*, 185 id. 162; *Leach* v. *Godwin*, 198 id. 35, 41.] Otherwise, on the death of one, its share is not segregated from the

general mass, with a payment over of the principal of such share, by which its amount then definitely escapes from the trust."

In *Matter of Beale* (213 App. Div. 13) this doctrine is set forth (at p. 17) as follows: " We now have a will in which the testator provides substantially as follows: ' I give and devise all my real and personal estate * * * to * * * my executors * * * in trust, with power to sell * * * and to invest the same and to pay over and apply the rents, issues, incomes and interest and profits arising therefrom and from all my estate equally to the support and maintenance of my three children * * * during their natural lives, and upon the death of either of said children to pay over one-third of the principal sum of my estate to the lawful children or issue of said deceased child, if any.' There is nothing here to indicate that at the outset the estate is to be divided into three parts. The principal sum is to be held intact until the death of one of the children with issue him or her surviving, when one-third thereof is to be lopped off and given to the issue. Nor is there anything to indicate that the provision just referred to is the dominant one, and the offending provision the subordinate. They seem to me to be coequal. The testator contemplated two eventualities:·the death of one or more of the children with issue, and the death of one or more of them without issue. One event was as likely to happen as the other, or both might happen. So far the event that has happened is the death of one of the children without issue. If we read into this will an intent to create three separate trusts we shall be doing violence to the rule, equally applicable with the rule in *Matter of Horner* [237 N. Y. 489] and *Matter of Colegrove* [221 N. Y. 455], that the intent of the testator to create separate and independent trusts must be found *within the will itself*. (*Leach* v. *Godwin, supra.*) "

From its examination of the will, and its investigation of the authorities, the court is convinced that it was the intent of the testator, as expressed in the paragraphs now under construction, to create but a single trust. It is so held.

The next question to be answered is whether such trust is violative of the rules against perpetuities.

" To render a trust valid, it must be so limited that in every possible contingency there will be an absolute termination thereof within the period prescribed by statute. (*Herzog* v. *Title Guarantee & Trust Company*, 177 N. Y. 86; *Matter of Wilcox*, 194 N. Y. 288; *Matter of Mount*, 185 N. Y. 162; *Brown* v. *Quintard*, 177 N. Y. 75.)" (*Matter of Hitchcock*, 222 N. Y. 57, at p. 71.)

The validity of a trust " must be determined not in the light of what has actually transpired, but from exactly the same point of

view from which it would be regarded had a suit been brought to determine the validity of the will at the time of the death of the testator, instead of at a subsequent period. That is to say, the validity of a will depends not on what has happened since the death of the testator, but on what might have happened." (*Matter of Wilcox*, 194 N. Y. 288, 295.)

" In determining the validity of limitation of estates, \* \* \* it is not sufficient that the estates attempted to be created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period. In other words, to render such future estates valid, they must be so limited that in every possible contingency, they will absolutely terminate at such period, or such estates will be held void." (*Schettler* v. *Smith*, 41 N. Y. 328, 334.)

Let us now apply these principles to the instant case. The testamentary intent as here disclosed was the creation of a single trust for the period of four lives, thus violating the statutory prescription. The trust is, therefore, void in its entirety, even though in some contingencies it may end within the statutory term. (See cases above cited.)

The briefs submitted by counsel have made reference to the recent decisions of the Court of Appeals in *Matter of Gallien* (247 N. Y. 195); *Matter of Trevor* (239 id. 6); *Matter of Horner* (237 id. 489). The principles of those decisions do not apply here. While it is conceded that in these cases the rule against perpetuities might in some contingencies have been violated, there was discernible in each instance a dominant and a subordinate testamentary purpose. The subordinate purpose being severable from the dominant, was eliminated, and the dominant testamentary plan upheld.

Although it is true, as argued, that the son of the testator, being the principal beneficiary under the provisions of the trust, was the chief object of his father's concern, the trust is not measured by his life.

Since the will contains no provision in remainder which under accepted principles can be accelerated, the testator died intestate as to his residuary estate.

Proceed accordingly.