In the Matter of the Estate of ISRAEL PERELMAN, Deceased.

Surrogate's Court, Kings County, September 25, 1933.

*Louis M. Kommel*, for the petitioner.

*Harry M. Peyser*, for the State Tax Commission.

WINGATE, S. This is an appeal from the *pro forma* taxing order heretofore entered in this proceeding. The facts are not in dispute and concededly the propriety of the assessment levied by the appraiser turns upon the question of the construction of the will.

Testator was survived by a widow and three sons, who at the time of his death were approximately twenty, twenty-one and twenty-three years of age. Except for a specific gift of testator's jewelry to his sons and a direction for the expenditure of a suitable sum for a tombstone, the sole dispositive provisions of the will direct the erection of the entire residue of the estate into a single trust, portions of the income of which were dedicated to each of such sons and to the widow.

The directions in respect to the sons were identical. Each was to receive $1,200 a year from income for educational purposes " so long as they desire such education and attend a recognized educational institution." Each was to receive five dollars per week from income until he reached the age of twenty-one years and thereafter thirty-five dollars per week until he attained the age of thirty. The widow was to receive from income the sum of thirty-five dollars per week during her widowhood, plus $1,000 per year so long as she resided in certain described premises, and $600 per year thereafter.

The only directions respecting principal were that each son should receive $5,000 upon attaining twenty-five years and that upon attaining thirty each " shall receive and be paid his equal share of the principal and accumulated accruals of income existing at that time," whatever this may be supposed to mean.

The difficulty with the entire arrangement is that testator obviously intended that the entire residue should be held *in solido* during the lifetime of the widow or until her remarriage and until his three sons successively and respectively attained the age of thirty years. Indeed, it is only by adopting this method of conduct of the trust that the demands upon the income, which vary materially from time to time, can be met.

The several payments directed are not fixed and to be paid in all events, but each is expressly directed to be paid out of income. For this reason, as well as because of the express direction for the erection and maintenance of a trust, it cannot be held that they constituted annuities. (*Matter of Gobel,* 141 Misc. 503, 506.)

Whereas no express statement is made as to the period of the duration of the trust, it is obvious that it is measured by the lives of the four persons who are entitled to receive income benefits therefrom. This follows since in such computations a part of a life is considered as a measuring life under the statute. (*Matter*

*of Howells*, 145 Misc. 557, 563.) This is in contravention of the express terms of the statute which prohibits the erection of a trust the duration of which is measured by more than two lives in being. (*Matter of Terwilligar*, 135 Misc. 170, 175; affd., 230 App. Div. 763; *Matter of Davison*, 134 Misc. 769, 771; affd., 230 App. Div. 868.) Nor is this a case in which the court can assume a testamentary intent to segregate various portions of the principal into separate funds for the benefit of the several beneficiaries, since the directions for payment of income are dependent upon unascertainable contingencies and vary materially from time to time. Indeed the benefits of the four individuals are inextricably interwoven. (*Matter of Duffey*, 144 Misc. 141, 143, 144; affd., 238 App. Div. 863.)

It must follow that the entire trust provision is illegal and void and that the residue of the estate will devolve as intestate property. (*Matter of McCafferty*, 142 Misc. 371, 381; affd., 236 App. Div. 678; *Matter of Hartfield*, 139 Misc. 214, 217, 218; *Matter of Smallman*, 141 id. 796, 799; *Matter of Hartmannsgruber*, 146 id. 85, 87.)

It follows that the matter must be remitted to the appraiser for further action in accordance with this opinion.

Proceed accordingly.