Moss, S.
In this accounting proceeding a construction of the will is sought. The validity of a trust of the residuary estate, created under paragraph ‘ ‘ Fourteenth ’ ’ of the will, is attacked by a named nephew and two of the named nieces as testator’s distributees who are also life beneficiaries under the trust and by the German Society which is entitled to the remainder upon the termination of the trust. The provisions of the will attacked, insofar as pertinent, are as follows:
“ Fourteenth: All the rest, residue and remainder of my property * * * I give, devise and bequeath to my trustee * * * in trust, nevertheless, to invest * * * and collect * * * the income therefrom, and * * * to transfer and pay over the net income to my nephew, PAUL KUNCE, my niece ZILLA KUNCE, my niece, HELEN MULLER, and my niece ANNA MULLER HERMAN, in equal shares, share and share alike, during their natural lives, if he, she or they survive me. Upon the death of the last survivor of the aforesaid nephew and nieces, or if none of them survive me, then, upon my death, *613 I direct my trustee to transfer, assign and pay over the principal of said trust, together with accrued income thereon, to the GERMAN SOCIETY, 147 Fourth Avenue, New York, N. Y., for its general purposes.
“ I authorize and empower my trustee, in his or its absolute discretion, at any time, and from time to time, to transfer and assign and pay over to my nephew, PAUL KUNCE, or my nieces, ZILBA KUNCE, HELEN MULLER, and ANNA MULLER HERMAN, from the principal of the trust herein created for his and their benefit, such amount as my said trustee, his or its successor, may deem necessary, expedient or proper for the purpose of assisting my aforesaid nephew and nieces, or any of them, financially for his or her care, comfort, support and maintenance and welfare.”
The testator’s distributees and the German Society contend that the trust is invalid in that its duration is predicated on three lives. The trustees take the position that the trust may be considered as three separate trusts to be administered in solido. It may not be easily disputed that testator’s named nephew and nieces were the primary objects of his bounty. Testator gave them the income from his residuary estate during their lives. In addition, provision was made for the invasion of the corpus for their benefit at any time and only upon the death of the last survivor of them was the German Society entitled to take anything. There is no indication anywhere in the will that testator intended any part of the corpus of the fund to be severed and liberated at any time before the death of the last survivor of the life beneficiaries. In the opinion of the court, testator’s dominant purpose was the creation of a single trust subsisting during the lives of the named life beneficiaries, three of whom survived him. The trust as testator conceived it was only then to end. The trust is therefore void in its entirety as contravening section 11 of the Personal Property Law and section 42 of the Real Property Law. Any other construction would require unwarranted judicial surgery (Leach v. Godwin, 198 N. Y. 35; Central Trust Co. v. Egleston, 185 N. Y. 23; Matter of Horner, 237 N. Y. 489; Matter of Magnus, 179 App. Div. 359; Matter of Note, 71 N. Y. S. 2d 565, affd. 275 App. Div. 705; Matter of Clavin, 120 N. Y. S. 2d 659).
Further questions of construction have been avoided by an agreement entered into by all interested parties with respect to the disposition of the fund upon a holding of intestacy. The fund may be distributed in accordance with the said agreement. However, since it appears from the petition that testator’s *614 intestate distributees are residents of the Russian Zone of Germany, the shares payable to them under the agreement are directed to be paid into court for their benefit under the provisions of section 269 of the Surrogate’s Court Act. Settle decree on notice.