THE IRON NATIONAL BANK OF PLATTSBURGH, N. Y., Respondent, *v.* ALFRED DOLGE and Others, Defendants; WALTER N. KERNAN, Appellant.

*Assignment for creditors — action to set it aside — it is triable in the county in which land alleged to have been fraudulently conveyed is situated — when a verified answer will serve as an affidavit of merits.*

A judgment vacating an assignment for the benefit of creditors, made by a person who previous to the assignment had executed mortgages upon certain lands owned by him and had executed conveyances in trust for his own benefit of certain other lands, affects "an estate, right, title, lien or other interest" in such lands within section 982 of the Code of Civil Procedure, and an action to set aside the assignment in which it is alleged that such mortgages and conveyances were fraudulent as to creditors, is a local action which is of right triable in the county in which the lands are situated.

On a motion by the assignee for a change of venue to the county in which the lands are situated, his verified answer will serve in lieu of an affidavit of merits.

*Semble,* that the rule requiring an affidavit of merits on a motion for a change of venue, will not be as strictly applied where the change is demanded as a matter of right, as where it is requested as a matter of discretion.

APPEAL by the defendant, Walter N. Kernan, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Clinton on the 25th day of July, 1899, denying his motion to change the place of trial from the county of Clinton to the county of Herkimer.

*Leslie W. Kernan,* for the appellant.

*T. F. Conway,* for the respondent.

PARKER, P. J. :

This motion is made upon the sole ground that the action is a local one, and that Herkimer county is the proper one in which it should be tried.

It appears from the complaint that the defendant Alfred Dolge has title to the equity of redemption in a large amount of lands in Dolgeville, Herkimer county, upon which he has executed several mortgages, and which this plaintiff claims are a fraud upon his creditors. It also appears thereby that said Dolge is the owner of certain other lands in Dolgeville, the title to which he has fraudulently placed in the defendant Nathan A. Snell, upon a trust for his own benefit. It further appears that subsequently said Dolge made a general assignment to the defendant Kernan, which this plaintiff avers is fraudulent and void as to itself and other creditors.

This action is brought for the purpose, among other things, of setting aside such assignment and having it declared fraudulent and void as against said Dolge's creditors.

It appears from the answer of said Kernan that he has, as such assignee, commenced an action against said Dolge and Snell to have the lands so held by Snell adjudged to be the property of said Dolge.

It also further appears in the moving papers that no part of the real estate sought to be affected is in the county of Clinton.

By the assignment the title and equity of redemption in the mortgaged premises, and also Dolge's interest in the other lands held by Snell, passed to the assignee, and a judgment which would vacate such assignment would affect " an estate, right, title, lien or other interest " in them. Therefore, under section 982 of the Code of Civil Procedure, the action is a local one, and the defendant Kernan has the right to have it tried in the county in which such lands are situated. (*Acker* v. *Leland,* 96 N. Y. 383; *Wyatt* v. *Brooks,* 42 Hun, 502.)

It is claimed, however, that this motion cannot be sustained because there is no affidavit of merits with the moving papers.

The answer of this defendant is before us, and it is verified. The

court is thereby as well assured that he has a substantial defense to the action as it would be had such an affidavit been made by him.

The filing of such an affidavit has, for many years, been required with much strictness in cases where a change was asked for upon the ground of convenience of witnesses, but it does not seem to have been so strictly demanded when the application has been that the action be tried in the county where the statute requires it to be tried.

In the former case the defendant applies to the court for an exercise of its discretion. In the latter case he asks for the enforcement of a right. (*Sherman* v. *Gregory*, 42 How. 481, 486.)

There is no reason apparent why, under such circumstances, a formal affidavit of merits should be made. It is not needed to inform the court of any fact that should be known to it, and I am of the opinion that, under such circumstances, none should be required.

Notice of this motion has been served upon all the defendants, as well as upon the plaintiff, and all are thereby made parties to it. All will, therefore, be concluded by its decision. The motion should have been granted, and the order denying it should, therefore, be reversed.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.