(48 Misc. Rep. 30)

### PACKARD et al. v. HESTERBERG, Sheriff.

(Supreme Court, Special Term, Oswego County.   July, 1905.)

**1. SHERIFFS—FAILURE TO SEIZE PROPERTY—ACTION—VENUE.**

A complaint alleging failure of defendant, sheriff of K. county, to seize chattels located in K. county as commanded by a warrant of seizure, constitutes a cause of action arising in K. county, which, under Code Civ. Proc. § 983, should be tried in that county.

**2. VENUE—CHANGE—AFFIDAVIT OF MERITS.**

Change of place of trial to the county where the statute requires it to be tried may be asked as a matter. of right, and an affidavit of merits is unnecessary.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, § 109.]

Action by Nathan J. Packard and Levi Levy against Henry Hesterberg.   Motion to change place of trial.   Granted.

Charles H. Hyde (Irving D.. Vann, of counsel), for the motion.
William Rosenbloom, opposed.

WRIGHT, J.   The complaint alleges that the defendant, as sheriff of Kings county, neglected for a period of more than nine months to seize certain chattels located in Kings county, as commanded by a warrant of seizure granted by the county judge of Onondaga county, and that said sheriff failed to make a return to the county of Onondaga. The motion to change the place of trial from Onondaga county to Kings county must be granted.   The alleged failure to seize the chattels constitutes a cause of action arising in Kings county, which, therefore, must be tried in that county.   Code Civ. Proc. § 983.   The inventory must be filed in the county where the property is attached (Id. § 654); that is, in Kings county.   The complaint does not allege that this has not been done.

The objection to the affidavit of merits is not forceful.   Change of place of trial to the county where the statute requires it to be tried may be asked as a matter of right, and an affidavit of merits is unnecessary.   Iron National Bank v. Dolge, 46 App. Div. 327, 61 N. Y. Supp. 680.

Motion granted, with costs.