MARIA L. LEACH, as Executrix of CLAUDIUS F. BEATTY, 2ND, Deceased, Appellant, *v.* CHARLES H. GODWIN et al., as Executors of and Trustees under the Will of CLAUDIUS F. BEATTY, 1ST, Deceased, et al., Respondents, Impleaded with Others.

Will — testamentary trust — when separate and independent trusts may be created in undivided fund — construction of provisions relating to several independent trusts.

Where by a will income and principal are given in equal shares out of one fund kept *in solido* for mere convenience of investment, separate and independent trusts may be created for the several beneficiaries and the shares and interests will be several even though the fund remain undivided.

But where a trust for the benefit of several persons is held in one fund it is necessary for the purpose of holding that they constitute separate and independent trusts that each part of the principal fund should be liberated from the trust fund upon the termination of the lives in being at the death of the testator for which the trust is held, and also to find from within the will itself that such was the intention of the testator.

A testator by the eighth paragraph of his will provided as follows: "The proceeds of sale of my real estate and business and investments thereof shall be held by my executors and trustees, and the survivor of them, in trust for the following uses and purposes, that is to say: The whole income thereof shall be divided into three equal shares. One of said shares shall be paid semi-annually or oftener, should her necessities require and the condition of the estate permit, to my wife Jane Beatty, for her sole and separate use during the term of her natural life. This provision for my said wife is given and to be accepted in lieu of dower or other interest in my estate. Upon the death of my said wife her share of the income of my estate shall be added to the shares of my daughters and grandson hereinafter provided for, or the survivor of them. Another of said shares of income is to be paid in like manner to my daughter Eliza Jane Beatty for and during the term of her natural life, and upon her decease shall be added to the share of my grandchild next hereinafter mentioned. The third share of said income shall be applied to the support, education and maintenance of my grandchild Claudius Francis Beatty, the child of my son James B. Beatty, until he shall attain the age of twenty-six years. During his minority such income shall be paid to his guardian. And upon said Claudius Francis attaining the age of twenty-six years he shall be entitled to receive his full

share of the principal of my estate. Should said Claudius Francis die before attaining the age of twenty-six years leaving lawful issue him surviving then his share of my estate shall be divided among said issue in equal shares. Should said Claudius Francis die intestate and without lawful issue before attaining the age of twenty-six years, then his share of my estate shall be divided between my daughter and widow or the survivor of them in equal shares. Should neither be surviving, then the interest of my said grandchild shall become part of my general estate."

*Held*, that it was not the intention of the testator that the principal as well as the income should be divided into shares and that each share thereof to produce a given share of income should, after the termination of two lives in being at his death, separately pass out of the trust to the hands of an ultimate beneficiary, but that on the contrary he intended that the trust fund should not be held in separate and independent trusts but as one trust for all of the purposes therein specified; that the trust set forth in the eighth paragraph of the will is contrary to the statute and invalid, and that the fund therein mentioned be distributed as in case of intestacy.

*Beatty* v. *Godwin*, 127 App. Div. 98, reversed.

(Submitted January 17, 1910; decided March 1, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 24, 1908, modifying and affirming as modified a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ward W. Pickard* and *Almet Reed Latson* for appellant. The testator's intention must be ascertained from the will itself. (*Wells* v. *Wells*, 88 N. Y. 323; *Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Locke* v. *F. L. & T. Co.*, 140 N. Y. 135; *Vanderpoel* v. *Loew*, 112 N. Y. 167.) The Appellate Division erred in holding that each trust had a separate and distinct purpose and that each was to be terminated and its corpus freed from the trust, when such purpose should be accomplished. (*Simpson* v. *Trust Co.*, 129 App. Div. 200.) The testator's intention is apparent on the face of the will, but his testamentary plan violates the statute. (*Herzog* v. *T. G. & T. Co.*, 177 N. Y. 86.)

*Levi S. Tenney* for executors and trustees, respondents. Three separate and distinct trusts of personal property are created by the eighth clause of the will. (*Locke* v. *F. L. & T. Co.*, 140 N. Y. 135 , *Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Wells* v. *Wells*, 88 N. Y. 323.; *Steinway* v. *Steinway*, 163 N. Y. 183; *Hopkins* v. *Kent*, 145 N. Y. 363 ; *Provost* v. *Provost*, 70 N. Y. 141.) Each trust created by the eighth clause of the will must terminate upon the death of not more than two persons in being at the death of the testator. (*Trask* v. *Sturges*, 170 N. Y. 495; *Du Bois* v. *Ray*, 35 N. Y. 162; *Hopkins* v. *Kent*, 145 N. Y. 367; *Hoppock* v. *Tucker*, 59 N. Y. 202; *Phillips* v. *Davies*, 92 N. Y. 199; *Greene* v. *Greene*, 125 N. Y. 512; *Corse* v. *Chapman*, 153 N. Y. 466; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Everitt* v. *Everitt*, 29 N. Y. 39; *Schey*, v. *Schey*, 194 N. Y. 368.) The trusts should be sustained to carry out the primary purposes of the testator even if some of the limitations over are unlawful. (*Underwood* v. *Curtis*, 127 N. Y. 523; *Manice* v. *Manice*, 43 N. Y. 303; *Kennedy* v. *Hoy*, 105 N. Y. 134; *Van Schuyver* v. *Mulford*, 59 N. Y. 426; *Robb* v. *W. & J. College*, 103 App. Div. 327; *Denison* v. *Denison*, 103 App. Div. 523; *Savage* v. *Burnham*, 17 N. Y. 561; *Harrison* v. *Harrison*, 36 N. Y. 543; *Smith* v. *Cheesebrough*, 176 N. Y. 317; *Schey* v. *Schey*, 194 N. Y. 368.)

*George W. Thomas* and *John C. Coleman* for Claudius F. Beatty, 3d, respondent. Although the corpus of the estate is consolidated, yet three trusts were intended, and it should be held that for all intents and purposes there are three trusts. (*Wells* v. *Wells*, 88 N. Y. 323; *Cushman* v. *Cushman*, 116 App. Div. 763; *Hayden* v. *Sugden*, 43 Misc. Rep. 108; *Schermerhorn* v. *Cotting*, 131 N. Y. 48 ; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Savage* v. *Burnham*, 17 N. Y. 561; *Post* v. *Hover*, 33 N. Y. 593; *Harrison* v. *Harrison*, 36 N. Y. 543.)

Chase, J.   Claudius F. Beatty died a resident of the county of Kings in 1905 leaving a will which was thereafter duly

probated.  He left him surviving a widow, two sons and one daughter, his only heirs at law and next of kin.  This action was brought by Claudius F. Beatty, 2d, a son, in his lifetime to have the bequests embraced in the eighth paragraph of said will adjudged illegal and void and to have it further adjudged that the property mentioned in said paragraph of the will is vested in the heirs at law and next of kin of the deceased.

The eighth paragraph of said will is as follows : " The proceeds of sale of my real estate and business and investments thereof shall be held by my executors and trustees, and the survivor of them, in trust for the following uses and purposes, that is to say : The whole income thereof shall be divided into three equal shares.

" One of said shares shall be paid semi-annually or oftener, should her necessities require and the condition of the estate permit; to my wife Jane Beatty, for her sole and separate use during the term of her natural life.  This provision for my said wife is given and to be accepted in lieu of dower or other interest in my estate.  Upon the death of my said wife her share of the income of my estate shall be added to the shares of my daughters and grandson hereinafter provided for, or the survivor of them.

" Another of said shares of income is to be paid in like manner to my daughter Eliza Jane Beatty for and during the term of her natural life, and upon her decease shall be added to the share of my grandchild next hereinafter mentioned.

"The third share of said income shall be applied to the support, education and maintenance of my grandchild Claudius Francis Beatty, the child of my son James B. Beatty, until he shall attain the age of twenty-six years.  During his minority such income shall be paid to his guardian.  And upon said Claudius Francis attaining the age of twenty-six years he shall be entitled to receive his full share of the principal of my estate.  Should said Claudius Francis die before attaining the age of twenty-six years leaving lawful issue him surviving then his share of my estate shall be divided among

said issue in equal shares. Should said Claudius Francis die intestate and without lawful issue before attaining the age of twenty-six years, then his share of my estate shall be divided between my daughter and widow or the survivor of them in equal shares. Should neither be surviving, then the interest of my said grandchild shall become part of my general estate."

The action was tried at Special Term and the complaint was dismissed. An appeal was taken from the judgment entered upon such dismissal to the Appellate Division where the judgment of the Special Term was modified so as to determine that the true meaning and construction of said will is as follows :

"All the real estate of the deceased was converted into personalty and three valid trusts of personal property were created, to wit :

"*First*. A trust in one-third of the estate to pay the income to the widow for life and upon her death to divide it equally between the daughter and grandson, or to pay to the survivor of them at that time, the daughter's share of income to be paid to her for life and the fund producing such income, *i. e.,* one-third or one-sixth of the estate as the case may be, to be freed from the trust upon her death, the grandson's share of income to be paid him until he attains the age of twenty-six years and the fund producing said income to be freed from the trust upon his attaining that age with remainders over to the testator's next of kin.

"*Second*. A trust in another third of the estate to pay the income to the daughter for life and upon her death to the grandson until he attains the age of twenty-six years or sooner dies with remainder over to the testator's next of kin.

"*Third*. A trust in another third of the estate to pay the income to the grandson until he attains the age of twenty-six years with remainder over to the grandson in case he attains that age and with successive substituted remainders, *first,* to the lawful issue of the grandson ; *second,* to the widow and daughter of testator or the survivor of them ; *third,* to the testator's next of kin."

The judgment of the Special Term except as so modified was affirmed. It is conceded that all of the real estate of which the testator died seized was by the will converted into personalty. It is provided by the Personal Property Law as follows: "The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition; or, if such instrument be a last will and testament, for not more than two lives in being at the death of the testator * * *." (Personal Property Law, Cons. Laws, ch. 41, sec. 11, formerly chapter 417, Laws of 1897, sec. 2.)

The eleventh paragraph of the will is as follows: "Should there be any residue remaining of my estate after compliance with the foregoing provisions the same shall belong to and be distributed among such persons as by the laws of the State of New York would be entitled to participate in the distribution of my estate in case of intestacy."

It cannot serve any substantial purpose to discuss the question whether if the trust provisions of the eighth paragraph of the will are held invalid, the amount of the principal of such trust fund should be distributed pursuant to the eleventh paragraph of the will or by the laws of this state relating to the distribution of personal estate in case of intestacy as the will by said eleventh paragraph simply refers to said statutes in directing to whom any residue is to be distributed. That section will be further considered, however, in connection with the other parts of the will in determining the testator's intention in regard to the principal of the trust fund.

It is contended by the plaintiff that all of the bequests in the eighth paragraph of the will are in violation of the provisions of the Personal Property Law which we have quoted and that the property therein mentioned passes to the next of kin of the testator pursuant to the eleventh paragraph of the will or the statutes of this state relating to the distribution of per-

sonal estate. It is contended by the defendants that the intention of the testator was to make three separate and independent trusts as expressed in the order of the Appellate Division modifying the judgment of the Special Term. We do not agree with the determination of the Appellate Division.

In cases where income *and principal* are given in equal shares out of one fund kept *in solido* for mere convenience of investment separate and independent trusts may be created for the several beneficiaries and the shares and interests will be several even though the fund remain undivided. (*Schermerhorn* v. *Cotting*, 131 N. Y. 48, and cases cited; *Wells* v. *Wells*, 88 N. Y. 323; *Locke* v. *Farmers' Loan & Trust Co.*, 140 N. Y. 135; *Steinway* v. *Steinway*, 163 N. Y. 183; *Savage* v. *Burnham*, 17 N. Y. 561; *Matter of Mount*, 185 N. Y. 162.)

In cases where a trust for the benefit of several persons is held in one fund it is necessary for the purpose of holding that they constitute separate and independent trusts that each part of the principal fund should be liberated from the trust fund upon the termination of the lives in being at the death of the testator for which the trust is held and also to find from within the will itself that such was the intention of the testator. Thus in *Wells* v. *Wells* (*supra*) the intention of the testator to make separate and independent trusts appeared from the will. This court, referring to such intention, say: "The testator plainly contemplated a segregation of each share from the general mass upon the death of any child leaving issue, and a payment over of such share to such issue. Each share in turn will be liberated from the trust upon the death of the parent leaving issue, and the trust as to each share will thus terminate. The utmost period of suspension of the ownership of any part of the estate, will be the lives of the widow and of one child, a period within the statute. The interests carved out of the trust are separable and distinct, and the will is to be construed as though in terms it had created a separate trust for each child and the issue of each child, in one undivided seventh part of the estate." (p. 333.)

In *Schermerhorn* v. *Cotting* (*supra*) the trust fund was to be held *in solido* during the life of the widow. The distribution of income during her life in part among other persons as in the will provided did not thereby in any event result in suspending the power of alienation beyond one life. After the death of the widow one-half of the income was given to the son and daughter respectively, and the *principal* of each one-half was given absolutely at their deaths respectively or at an earlier date as also in the will provided.

It was held that the principal of the trust, although held for convenience of investment in one fund, was upon the death of the widow subdivided into two separate and independent trusts, and that in no one of the many events enumerated in the will was the statute violated. The gift of the principal in separate parts or shares at the end respectively of two lives in being at the death of the testator was an important and necessary fact in reaching the conclusion in that case.

In *Locke* v. *Farmers' Loan & Trust Co.* (*supra*) certain certificates of stock in a corporation were held under a trust instrument. The trustee was directed to pay certain parts of the income to four persons named in the trust instrument. The several certificates of stock were not for a number of shares corresponding to the proportion of income to be paid to the several beneficiaries. Each trust terminated upon the death of the life beneficiaries, and then the absolute ownership of each such part of the trust fund went to a corporation named as the ultimate beneficiary. It was held that there were four separate and independent trusts.

It is necessary for us to scan the testator's will to ascertain his intention in regard to the principal of the trust fund. Did he intend that the principal as well as the income should be divided into shares and that each share of the principal to produce a given share of income should after the termination of two lives in being at his death separately pass out of the trust to the ownership of an ultimate beneficiary? Unless he so intended the trust violates the statute.

The eighth paragraph of the will does not, in express terms,

bequeath the principal of the trust fund or any part of it, except in connection with the provisions for the testator's grandson.

Every time the word "share" is used in said eighth paragraph, except as it relates to the testator's grandson, it has express reference to the "income" of the trust fund. The testator contemplated that the trust fund would be held *in solido* as the "proceeds of sale of my (his) real estate and business," and he directs that "the *whole income thereof* shall be divided in three equal parts."

"One of said shares" he directs shall be paid to his widow for life. He further directs: "Upon the death of my said wife *her share of the income* of my estate shall be added to the shares of my daughter and grandson hereinafter provided for, *or the survivor of them.*"

No reference is made in that division of said eighth paragraph to the principal fund. It was not intended that the death of the wife should affect the trust fund being continued *in solido* and the income therefrom after such death divided between his daughter and grandson and the survivor of them. In case the widow and daughter should die before the grandson arrived at the age of twenty-six years, it would make the trust continue for more than two lives in being, and thus even if a share of the principal sufficient to produce one-third of the income of the whole trust fund be treated as a separate share, it would, nevertheless, be in violation of the statute.

"Another of said shares of income" the testator directs shall be paid to the daughter for life, and upon her death it shall be added to the share of his grandson. Again, in this part of the eighth paragraph, the testator refers only to income, and his intention seems clear to have the entire trust fund continued as one fund and not in separate and independent parts.

"The third share of said income" the testator directs shall be applied to the support, education and maintenance of his grandson until he attains the age of twenty-six years. In connection with the gift to the grandson we have the first

and only reference to the principal. The testator directs
that upon his grandson attaining the age of twenty-six years
he shall be entitled to receive "his full share" of the prin-
cipal of his estate.

Standing alone this is of doubtful meaning. If it means
the principal fund upon which the grandson is at that time
receiving the income it might mean according to what had
occurred relating to the lives of the widow and daughter
either one-third, one-half, two-thirds or all thereof. The tes-
tator may not have had a very clear understanding of the
words used by him, but when the words "his full share" are
considered with the testator's general purpose, it appears that
they must refer to the entire trust fund subject by necessity
of a part thereof being held until the death of the widow and
daughter and the survivor of them. If the widow and daugh-
ter should die before the grandson's arriving at the age of
twenty-six years the income on the entire trust fund would be
paid to the grandson until he arrived at that age.

If it was not the intention of the testator that the grand-
son should receive the entire trust fund then we are forced
to conclude that, although the grandson might receive the
income on the entire trust fund until he arrived at that age,
the widow and daughter being dead, he would on arriving at
that age receive but one-third of the principal fund, and that,
although the other two-thirds thereof is not specifically
bequeathed.

The further direction of the testator in regard to a division
of the principal of the trust fund in case his grandson should
die before arriving at the age of twenty-six years includes a
gift of the principal to which he would be entitled on arriv-
ing at the age of twenty-six years to his lawful issue him
surviving, or in case of his death without leaving lawful issue
before attaining that age, to the testator's widow and daugh-
ter, or the survivor of them, or in case neither should survive
the grandson then the testator expressly directed that such
principal should become part of his general estate.

A reference to the eleventh paragraph of the will aids

somewhat in the determination at which we have arrived. The language of such paragraph does not indicate that the testator intended that the principal of the trust fund held under the eighth paragraph should pass under that paragraph of the will except in case of his grandson dying before he attained the age of twenty-six years without leaving the persons him surviving mentioned in the concluding part of that paragraph of the will.

It is our conclusion that by the eighth paragraph of the will the testator intended that the trust fund should not be held in separate and independent trusts but as one trust for all of the purposes therein specified and that the same is contrary to the statute and invalid.

The judgments of the Appellate Division and Special Term should be reversed and judgment rendered that the trust set forth in the 8th paragraph of the will is invalid, and that the fund therein mentioned be distributed as in case of intestacy, with costs to all parties to be paid out of the fund.

Haight, J. (dissenting). The principal purpose of the testator as shown by his will was to provide an income for his wife and daughter during their lives severally, and to provide support, education and maintenance for his grandson during his life or until he should attain the age of twenty-six years.

If we treat the fund provided in said paragraph of the will as divisible into three separate and independent trusts, the one-third part thereof for the benefit of the testator's wife should be held during her life and then subdivided into two parts, one each for the benefit of the testator's daughter and grandchild. In that case the continuance of the trust would be measured by the life of the wife, and then each subdivided one-half by the life of the daughter and the grandson severally. So far as it gives the whole of the income of such one-third of the principal after the death of the widow to the survivor of said daughter and grandson, it extends the trust beyond the time limited by the statute, and must be held invalid. (*Robb* v. *Washington & Jefferson College*, 103

App. Div. 327; 185 N. Y. 485.)    There is no provision in the eighth paragraph of the will bequeathing the principal of such one-third at the termination of the trust.    It would pass, therefore, under the residuary clause of the will, or, as in case of intestacy, to the testator's next of kin. The one-third part thereof held for the benefit of the daughter should upon her death be held for the benefit of the grandson, and as there is nothing in the eighth paragraph of the will bequeathing such fund after the termination of the trust, that, too, would pass under the residuary clause of the will, or as in case of intestacy.    The third part held for the benefit of the grandson, in case of such grandson dying before the age of twenty-six years, leaving lawful issue him surviving, is to be divided among said issue; but in case he did not leave issue him surviving, then between the testator's daughter and widow or the survivor of them, and in case of such death not leaving lawful issue and not leaving testator's daughter or widow, or either of them, him surviving, it would pass by the express direction of the will into the general estate of the testator, and thus to his next of kin.

The testator was unfortunate in so expressing himself in the eighth paragraph of the will as to cause the difference of opinion that exists among the parties interested herein as to his intention or meaning.    It seems to me clear from the will, however, that he did not intend that the entire principal fund included in said eighth paragraph of the will should be held in one fund until the death of his wife, daughter and grandson and the survivor of them.    If his grandson should arrive at the age of twenty-six years before the death of his wife and daughter, and that *according to the express terms of the will was a possible event in the mind of the testator*, it would not terminate the trust for the benefit of either wife or daughter.    The " full share " of the grandson in the principal as therein mentioned, therefore, must refer to the one-third part of the fund producing the income for him under such provision of the will.    In that case it would be necessary, at least at that time, to divide the principal of the fund into

parts and the full share of the grandson would in that case be a one-third part of the principal. The intention of the testator is also by that part of the paragraph shown as to the final disposition of any remainder not otherwise disposed of as he directs that such one-third of the principal, subject to the contingencies of his grandson leaving lawful issue or the testator's wife and daughter or one of them surviving him, become a part of his general estate. It appears from his direction in regard to that one-third that a division of the trust fund into separate and independent parts and trusts was assumed by the testator. It is, as we have seen, actually provided for and directed to the extent at least of the fund on which income is to be paid to the grandson.

Such actual division of the principal fund is sufficient in my judgment to show the testator's intent that the principal as well as the income should be divided into three parts and upon which to base the conclusion that the testator, although he may have contemplated holding the entire fund *in solido* for the purpose of investment, intended that it should, for the purpose of carrying out the provisions of the will, be divided into three separate and independent funds for the benefit severally of his wife, daughter and grandchild. As such intention is expressive of a lawful purpose under the statutes of this state, and any other intention would be contrary to a well-known statutory restriction upon the right to bequeath personal property in trust, the conclusion which sustains the will and carries out the principal purpose of the testator in providing for the persons named, will be held in preference to a conclusion which leaves his widow and grandson wholly unprovided for by any express provision of the will.

We think that the judgment appealed from should be modified so that the paragraph marked "First" shall read as follows: "A trust in one-third of the estate to pay the income to the widow for life, and upon her death to divide it equally between the daughter and grandson, the daughter's share of income to be paid to her for life, and the fund producing such income, *i. e.*, one-sixth of the estate, to be freed from

48    People ex rel. Kemp R. E. Co. *v.* O'Donnel.    [Mar.,

Statement of case.    [Vol. 198.

the trust upon her death, the grandson's share of income to be paid him until he attains the age of twenty-six years, and the fund producing said income to be freed from the trust upon his attaining that age, with remainders over to the testator's next of kin." The judgment as modified should be affirmed, with costs.

Cullen, Ch. J., Gray, Edward T. Bartlett and Willard Bartlett, JJ., concur with Chase, J.; Vann, J., concurs with Haight, J.

Judgments reversed, etc.