PRYER et al. v. PRYER et al.

(Supreme Court, Special Term.  Westchester County.  December 27, 1910.)

1. PERPETUITIES (§ 7*)—SUSPENSION OF ALIENATION.

A bequest of the residuary personal estate to executors, in trust to divide into ten equal shares, four of which are bequeathed to testator's brother and heirs, forever, and six of which are to be separately invested and held by the trustees for separate and distinct beneficiaries in being, for each beneficiary, creates separate trusts; and where the principal of each trust is either released on the death of the sole beneficiary, or is on his death held in trust for a second beneficiary, to be released on his death, the bequests are released within the period of two lives in being, and do not unduly suspend the absolute ownership of the property.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 48-55; Dec. Dig. 7.*]

2. PERPETUITIES (§ 7*)—SUSPENSION OF ALIENATION.

A devise to executors in trust during the lives of two persons named and the survivor of them, to receive and distribute the income to the same persons and in the same proportions as the residuary personal estate is divided under the will, bequeathing the same to executors in trust to divide into ten equal shares, six of which shall be separately invested and held by the executors for separate and distinct beneficiaries in being, and for each beneficiary, creates a trust expressly limited by two lives in being, so that there is no undue suspension of the power of alienation; the provision for the distribution of the income referring simply to the proportional distribution thereof.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 48-55; Dec. Dig. § 7.*]

Action by Charles Pryer and another, executors of Adeline C. Pryer, deceased, against Harry K. Pryer and others, to construe the will of deceased.  Judgment rendered.

John F. Lambden, for plaintiffs.

Olin, Clark & Phelps, William E. Stiger, Parsons, Closson & McIlvaine, and Lorren M. Hart, for defendants.

TOMPKINS, J.  Action to construe the will of Adeline C. Pryer, deceased.  It does not seem to me that there is any undue suspension of the power of alienation by either of the two disputed clauses of the will in question.  They are as follows:

Twenty-Fifth:  All the rest, residue and remainder of my personal property wheresoever found or situated, I give and bequeath to my executors hereinafter named, and the survivor or survivors of them, their successors and assigns, in trust nevertheless, to divide the same into ten equal parts, portions or shares.

To invest and reinvest and keep invested the principal of one of such shares, and collect the income thereof for and during the life of my brother,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John T. Pryer, and for and during his natural life, to pay to him the net income thereof in quarterly payments, and on his death, leaving his widow him surviving, from the principal of the said one share to set apart the sum of five thousand ($5,000.00) dollars, and to invest and reinvest and keep the same invested during her natural life and so long as she remains his widow, to pay the net income ·thereof to her, and on her death or remarriage, the same shall thereupon become and be a part of my residuary estate, and the balance of such one share to ·invest and reinvest and keep invested for and during the life of my nephew, John Pryer, the son of my brother, John T. Pryer, and for and during his natural life to pay the income thereof to him, and on his death the same shall thereupon become and be a part of my residuary estate.

To invest and reinvest and keep invested the principal of one of such shares for and during the life of my nephew, John Pryer, the son of my brother, John T. Pryer, and collect the income thereof, and for and during his natural life to pay to him, or apply to his support and maintenance in such ways or sums as to my executors shall seem to be to his interest or for his advantage the net income thereof, and upon his death leaving issue, the said share shall be paid to such issue, share and share alike. In the event of the death of my said nephew, John Pryer, without leaving issue him surviving, the principal of such one share shall thereupon become and be a part of my residuary estate.

To pay the principal of four of such shares to my brother Charles Pryer, and I give, devise and bequeath the same to him, his heirs and assigns forever.

To invest and reinvest and keep invested the principal of two of such shares for and during the life of my niece, Adeline C. Ely, and collect the income thereof, and for and during her natural life to pay the net income thereof to her and on her death leaving issue her surviving, to pay the principal of the said two shares to her children, share and share alike. In the event of the death of my said niece, Adeline C. Ely, without leaving issue her surviving, but leaving· her husband her surviving, from the principal of the said two shares there shall be set apart the sum of five thousand ($5,-000.00) dollars which shall be held in trust by my executors for the life of her said husband, and the net income thereof be paid to him during his life, and on his death the principal thereof, shall thereupon become and be a part of my residuary estate. In the event of the death of my said niece, Adeline C. Ely, without leaving issue or husband her surviving, the principal of such two shares shall thereupon become and be a part of my residuary estate.

To invest and reinvest and keep invested ˙the principal of two of such shares for and during the life of my nephew, Harry K. Pryer, and collect the income thereof, and for and during his natural life to pay the net income thereof to him, and on his death leaving issue him surviving, to pay the principal of the said two shares to his children share and share alike. In the event of the death of my said nephew, Harry K. Pryer, without leaving issue him surviving, the same shall thereupon become and be a part of my residuary estate.

Twenty-Sixth: I give and devise to my executors hereinafter named, their successors and assigns, all my real estate improved and unimproved wheresoever situated, in trust nevertheless, for and during the lives of my nephew, Harold C. Pryer, and my niece Alice del Pryer, and the survivor or survivors of them, to receive the rents and profits thereof, and after paying taxes and all other expenses, to distribute the income thereof to the same persons in the same proportions as the residuum of my personal estate is divided, under the twenty-fifth clause of this my will, with full power of sale to dispose of the whole or any part thereof, at such time or times and in such way or ways as they may determine to be for the best interests of the estate, and with the proceeds of any sale to make such improvements on what remains, as they may deem desirable or advisable. In case of the sale of any portion of my real estate, and as the same may from time to time be sold, I order and direct that my executors shall set apart from the net proceeds of such sale or sales the one-tenth part thereof, and shall pay over

and divide the said one-tenth part of the said net proceeds of such sale or sales, equally, share and share alike, between the Board of Home Missions of the Presbyterian Church, the Board of Foreign Missions of the Presbyterian Church, the Board of Missions for Freedmen, of the Presbyterian Church, the Women's Board of Home Missions of the Presbyterian Church, the Women's Board of Foreign Missions of the Presbyterian Church, and the Women's Board of Missions for Freemen of the Presbyterian Church, and that the remaining nine-tenths ($^9/_{10}$) of the net proceeds derived from any such sale or sales, shall be applied to make any improvements on any land that remains unsold that my executors may deem advisable or desirable, and that any surplus shall be invested and reinvested, and the income thereof distributed to the same persons and in the same proportions as the residuum of my personal estate is divided under the twenty-fifth clause of this my last will and testament.

By the twenty-fifth paragraph of the will, the residuum of the personal estate is devised to the executors in trust, to divide the same into ten equal parts, four of which are to be immediately paid over to Charles Pryer, for him and his heirs, forever, and entirely free of any trust; while the remaining six shares are to be separately invested and held by the executors, and for separate and distinct beneficiaries, and for each beneficiary under said clause, it must be regarded as a separate trust, each to be measured by its own terms and having its own purposes to accomplish, and neither of such trusts suspends the absolute ownership of the property for a longer period than during the continuance and until the termination of two lives in being at the death of the testatrix.

The principal of each trust is released within the period of two lives in being, and they therefore are not repugnant to the statute. Leach v. Godwin, 198 N. Y. 35, 91 N. E. 288. The duration of the trust as to the real estate created by the twenty-sixth clause of the will is expressly limited by two lives in being, to wit, Harold C. Pryer and Alice del Pryer, and hence there is no undue suspension of the power of alienation by that clause, and it is further provided that the income from the real estate, which is disposed of by that clause, shall be distributed "to the same persons and in the same proportions as the residuum of my personal estate is divided"—having reference to the twenty-fifth clause of said will.

The clear meaning of this provision is, and the plain intent of the testatrix was, that the income from the real estate should be divided into ten shares, and distributed in the same manner as the income from the ten shares of personal property disposed of by the twenty-fifth clause, and the words of the testatrix, "to distribute the income thereof to the same persons and in the same proportions as the residuum of my personal estate is divided, under the twenty-fifth clause of this my will," have reference simply to the proportional distribution of the income, while the duration of the trusts is limited to the lives of her nephew and niece.

My conclusions are that both clauses of the will, and the trusts created thereby, are valid.

Judgment accordingly. Proposed findings may be submitted within 10 days.