In the Matter of the Accounting of Joshua Horowitz et al., as Executors of Abraham Baumwald, Deceased.

Surrogate's Court, Kings County, June 14, 1948.

*Moses H. Hoenig* for executors, petitioners.

*Blum & Jolles* for Polish Consul.

*Irving M. Berry* for Jennie Baumwald.

*Levy, Gutman & Goldberg* for themselves as attorneys and for another.

*Abraham S. Rudnick* for American Laundry Machine Co., creditor.

*George Rosling,* special guardian.

*Irving Segal* for Greater New York Taxpayers Mutual Insurance Association.

*Cook, Lehman, Goldmark & Loeb* for Lena Baumwald.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), for unknown charitable beneficiaries.

*James L. Duncanson* for Alien Property Custodian.

McGAREY, S. The executors seek a construction of the will upon their final accounting.

Under paragraph " Seventh " of the will, testator devised and bequeathed to his fiduciaries all the issued shares of stock of a certain corporation, " the owner of the property known as and by " a certain street number, " which stock is owned solely by me, or the proceeds of sale of this property in trust "; and under paragraph " Eighth " he devised to his son Murray another specific parcel of realty. Record title to the parcel of realty devised to the son was, at the time of execution of the will and at testator's death, in the same corporation mentioned in paragraph " Seventh ". The testimony further discloses that prior to the execution of the will the testator informed the attorney-draftsman thereof that the record title to the property, the subject of the gift under paragraph " Eighth ", was in the testator individually and not in a wholly owned corporation. Paragraph " Seventh " of the will also evidences that the gift therein was the parcel of property described or the proceeds thereof. The court accordingly holds that it was testator's intent that the son should receive the property devised to him under paragraph " Eighth ", and that the corporation's stock, after the conveyance by the corporation to the son of the property described in paragraph " Eighth ", should be an asset of the trust under paragraph " Seventh ".

Under subdivisions (c), (d) and (e) of paragraph " Seventh ", testator directed his trustees to take from the trust fund created thereunder such sums of the income and principal as may be required, in their sole discretion, to bring to this country those of his sisters, brothers and their families who resided in Europe; to provide for the support and maintenance and benefit of those so brought here; and to provide for the support of such other members who continued to reside in Europe. Subdivision (f) provided that should there then be any money left in the fund after all of the foregoing had been paid, the

trustees " shall have the right to dispose of these moneys to such charitable institutions as they may deem advisable ".

The provisions of subdivisions (c), (d) and (e) did not create a valid express trust under section 96 of the Real Property Law. Its duration is not measured by any two specified lives in being, its possible duration covers a multitude of lives; therefore it suspends the power of alienation in violation of section 11 of the Personal Property Law and section 42 of the Real Property Law. Nor may it be considered as a charitable trust as the benefits sought to be conferred are limited exclusively to relatives (*Matter of Beekman,* 232 N. Y. 365; *Matter of MacDowell,* 217 N. Y. 454). It is an entire trust (*Leach* v. *Godwin,* 198 N. Y. 35), as there are no direct or implied provisions severing the fund into as many parts as there are beneficiaries of the class designated by the testator, so that each part of the principal fund could be liberated upon the death of the persons in being at the death of the testator.

Powers in trust are governed by the same rules of law applicable to trusts (*Tilden* v. *Green,* 130 N. Y. 29, 53), therefore, the trust directed to be created being invalid as unlawfully suspending the power of alienation, it follows that the powers granted to the trustees under subdivisions (c), (d) and (e) cannot be upheld under section 99 of the Real Property Law as powers in trust (*Garvey* v. *McDevitt,* 72 N. Y. 556).

The provisions of subdivision (f) were to come into existence should there be any balance left after the payment of the benefits under the other provisions of the will. Subdivisions (c), (d) and (e) express the dominant intent of the testator, and (f) bore a most subordinate role to those provisions, and to uphold (f) would be a gross distortion of testator's intent and the express language of the subdivision itself. Accordingly, the court holds that subdivision (f) is likewise invalid, and after the payment of the legacies under subsections 2 and 3 of subdivision (b), the balance under paragraph " Seventh " of the will falls into the residuary estate.

The executors present for determination the objection raised and reserved in the probate proceeding by a daughter and son of the testator that more than 50% of testator's estate was bequeathed to charities in violation of the provisions of section 17 of the Decedent Estate Law. The only charitable bequest that became effective is that under paragraph " Sixth " of the will, as modified by paragraph " Second " of the codicil, the value of which has been appraised in the sum of $20,500. It

would appear that the gross assets of the estate total approximately \$48,900 and the undisputed debts of decedent total approximately \$250, therefore the said charitable bequest is well within the permissible limits of 50% allowed by section 17 of the Decedent Estate Law. Accordingly the objection raised with respect to this issue is dismissed.

Proceed accordingly.